## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STANLEY JONES,** *et al.*, | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civ. No. DLB-23-1316** |
| **NATIONSTAR MORTGAGE LLC,** *et al.*, | * | |
| **Defendants.** | * | |

### MEMORANDUM OPINION

Stanley Jones and Debra A. Jones claim that Nationstar Mortgage LLC ("NSM") and CitiMortgage, Inc. ("CMI") owe them damages for violating federal and state law in connection with a mortgage on their home. ECF 1. Before the Court is CMI's motion to dismiss for failure to state a claim. ECF 8. The matter is fully briefed. ECF 8-1, ECF 11, ECF 18. No hearing is necessary. *See* Loc. R. 105.6. For the reasons below, the Court grants CMI's motion to dismiss, ECF 8.

### I.    Background

The Joneses, who are self-represented, appear to allege the following facts. Sometime before April 2007, they took out a mortgage loan on their home in Waldorf, Maryland. ECF 1, at 2. Sometime between that month and April 30, 2008, their loan was fully paid off—apparently by PHH Mortgage. *Id.* PHH, they allege, even "sent payoff documents including[:] congratulation letter, receipt of payment, certificate of satisfaction and promissory note." *Id.* At the time, the plaintiffs were unaware that this meant that they had become the full owners of the property, unencumbered by debts against it. *Id.*

However, they allege that on May 17, 2010, CMI asserted that it had become the mortgage creditor on April 13, 2007 and refinanced that mortgage through the Home Affordable

Modification Program.  *Id.* at 3.  The refinancing added $27,000 to their principal balance.  *Id.* at 4.  Later that year, CMI transferred the mortgage to NSM.  *Id.* at 3.  From November 2010 to February 2013, NSM collected mortgage payments from the Joneses.  *Id.*  After the Joneses filed Qualified Written Requests for information from NSM pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA") and NSM failed to respond to the Joneses' satisfaction, the Joneses ceased making payments on the mortgage.  *Id.*  On June 21, 2014, NSM filed to foreclose on the Joneses' home, *id.*, with CMI "play[ing] a key role" in the "successful scheme to foreclose on Plaintiff[s]'s mortgage," *id.* at 4.

In the years since, the Joneses have brought several lawsuits against NSM and CMI.  ECF 8-2, at 4–5.  The most recent suit against CMI was dismissed with prejudice.  *Id.* at 10.  Since at least September 12, 2022, the Joneses have been homeless.  ECF 1, at 4.

On September 13, 2022, the Joneses filed a complaint in the United States District Court for the District of Columbia, seeking $15,500,000 in damages and declaratory and injunctive relief against NSM and CMI.  ECF 1; ECF 1-2, at 2.  The plaintiffs mention many provisions of statutory and common law, both federal and state, but when they enumerate their claims against CMI, they list seven counts.  ECF 1, at 6–15.  The Court follows their lead and interprets the complaint to advance five claims under Maryland law, one claim under RESPA, and one claim under the bankruptcy code, 11 U.S.C. § 523(a)(2)(A).

On October 11, 2022, CMI moved to transfer the case to the United States District Court for the District of Maryland for improper venue.  ECF 7.  That same day, CMI moved to dismiss the Joneses' complaint for failure to state a claim upon which relief can be granted.  ECF 8.  The court granted the motion to transfer.  ECF 24.  Accordingly, on May 18, 2023, the case was

transferred to this Court.  ECF 25.  As a result, the motion to dismiss is now pending before this

Court.  The Joneses oppose the motion.  ECF 11.  CMI filed a reply.  ECF 18.[1]

## II.      Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to include in their complaint

a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  A Rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal

sufficiency of that statement.  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); Fed. R. Civ. P.

12(b)(6).  A court will deny a Rule 12(b)(6) motion if, but only if, the complaint contains sufficient

factual allegations to "state a claim to relief that is plausible on its face."  *Turner v. Thomas*, 930

F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In ruling on

the motion, a court accepts the well-pleaded allegations as true, *Lokhova v. Halper*, 995 F.3d 134,

141 (4th Cir. 2021), but "does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses," *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v.

Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  A complaint that merely recites the elements of the

cause of action or couches legal conclusions as facts cannot overcome a Rule 12(b)(6) motion.  *See

Twombly*, 550 U.S. at 555; *Turner*, 930 F.3d at 644.  In resolving a Rule 12(b)(6) motion, a court

may consider "documents that are explicitly incorporated into the complaint by reference and those

---

[1] Also pending before the Court is the Joneses' motion for reconsideration of a marginal order
entered by United States District Court for the District of Columbia striking their surreply to CMI's
motion to dismiss, ECF 21.  ECF 22.  The Joneses argue that the Court should grant them leave to
file a surreply because CMI attached a new exhibit, ECF 18-1, to its reply brief on the motion to
dismiss, ECF 18, and that document is fraudulent.  ECF 22.  Although the plaintiffs generally
should have the opportunity to address matters raised for the first time in a reply, *Bey v. Shapiro
Brown & Alt, LLP*, 997 F. Supp. 2d 310, 315 (D. Md. 2014); *see also De Simone v. VSL Pharm.,
Inc.*, 36 F.4th 518, 531 (4th Cir. 2022), the Court does not consider that exhibit in this opinion, so
whether it is fraudulent is immaterial.  For that reason, the Court denies the motion for
reconsideration.

attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 10(c).

When, as here, the allegations sound in fraud, the plaintiffs must meet a heightened pleading standard. Under Rule 9(b), the plaintiffs must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

The Court has a duty to construe the complaint of a *pro se* litigant liberally. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, that duty neither obligates nor permits the Court to fill in factual or legal gaps in the complaint. *See Derek N. Jarvis v. Geico Ins. Co.*, No. RWT-09-2638, 2009 WL 3833964, at *1 (D. Md. Nov. 13, 2009) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990)).

## III.     Discussion

Even construing the Joneses' complaint liberally, the Court finds they have failed to state a claim against CMI. Their claims for unlawful foreclosure, fraudulent concealment, fraudulent inducement, intentional infliction of emotional distress, and violations of RESPA are barred by the applicable statutes of limitations. They fail to state a claim to quiet title because they do not allege that they possess the property. And they fail to state a claim under § 523 of the federal bankruptcy code because there is no private right of action under that provision.

1.   **Unlawful foreclosure**

The Joneses' first claim is that CMI unlawfully foreclosed on their property when CMI lacked standing to do so.  ECF 1, at 6–7.  More precisely, they allege that CMI "collaborated [in] a successful scheme to foreclose on Plaintiff's mortgage."  *Id.* at 4.  CMI lacked standing to foreclose, the Joneses allege, because CMI obtained whatever interest it claimed in the property by fraud, ECF 1, at 7 ¶ 13, and because CMI's "actions in the processing, handling, and attempted foreclosure . . . involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers."  *Id.* at 7 ¶ 14.

The Joneses do not specify precisely what provision or provisions of state law they are alleging CMI violated in this count.  However, under Maryland law, the statute of limitations on an action "by a homeowner against a mortgage servicer for damages arising out of an unfair, abusive, or deceptive trade practice" is the earlier of five years after foreclosure or three years after the servicer discloses the practice at issue to the homeowner.  Md. Code Ann., Cts. & Jud. Proc. § 5-121.  By its terms, that statute of limitations applies to the Joneses' claim that CMI injured them by contributing to the foreclosure of their property by means of fraud.  The Joneses do not allege any specific facts about CMI's conduct after it transferred the mortgage to NSM in 2010. ECF 1, at 3.  Even if their allegation that CMI contributed to their foreclosure is sufficiently specific, they allege that NSM filed for foreclosure in 2014.  *Id.* at 4.  Because the only actions the Joneses ascribe to CMI occurred well over five years before the Joneses filed suit on September 13, 2022, the plaintiffs have exceeded even the longest form of the statute of limitations.[2]

---

[2] The Joneses also attach several exhibits to their complaint that document more recent events, including a July 13, 2022 letter from PHH Mortgage Services responding to a complaint they filed with the Consumer Financial Protection Bureau ("CFPB"), a 2020 judgment entered against NSM in an action brought by the CFPB, and a March 1, 2016 financing statement documenting a security interest in the energy equipment on their property held by SolarCity Corporation.  ECF 1-1.  Even

The Joneses' unlawful foreclosure claim is barred by the statute of limitations, so it is dismissed with prejudice.

### 2. Fraudulent concealment

Second, the Joneses bring a claim against CMI for "fraud in the concealment." ECF 1, at 7–8. To state a claim for fraudulent concealment, the plaintiffs must allege

> (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

*Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 916 A.2d 257 (2007) (quoting *Green v. H & R Block*, 355 Md. 488, 525, 735 A.2d 1039, 1059 (1999)).

The Joneses allege that CMI intentionally failed to disclose the fact that the Joneses' mortgage would be securitized and the terms on which it would be securitized, ECF 1, at 7–8 ¶¶ 16, 18, when CMI knew or should have known that the Joneses would not have entered into the mortgage agreement if not for CMI's concealment of that fact, *id.* at 8 ¶¶ 17, 19–20. They further allege that as a result, they sustained damages that include the cost of the loan itself and emotional distress.

However, the statute of limitations for fraudulent concealment is three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Johnson v. Nadwodny*, 461 A.2d 67, 68 (Md. Ct. Spec. App. 1983)). The Joneses do not allege facts revealing when CMI engaged in the ostensible deception. The most recent date that the plaintiffs imply they made any agreement with CMI is May 17, 2010, when CMI "purportedly performed a refinance" of the mortgage. ECF 1, at 3. Since that date was

---

if these documents are integral to the complaint and the Court considers them, none of them illustrates post-2014 conduct by CMI.

more than 12 years before the Joneses filed suit, the Joneses' claim is outside the statute of limitations.  The Court dismisses it with prejudice.

### 3.   Fraud in the inducement

Next, the Joneses bring a claim for "fraud in the inducement."  ECF 1, at 9–10.  To state a claim for fraudulent inducement, the plaintiffs must plead:

> (1) that the representation made is false; (2) that its falsity was either known to the [defendant], or the misrepresentation was made with such a reckless indifference to truth as to be equivalent to actual knowledge; (3) that it was made for the purpose of defrauding the [plaintiff]; (4) that [the plaintiff] not only relied upon the misrepresentation, but had a right to rely upon it in the full belief of its truth, and that [the plaintiff] would not have done the thing from which the injury resulted had not such misrepresentation been made; and (5) that [the plaintiff] actually suffered damage directly resulting from such fraudulent misrepresentation.

*Dynacorp Ltd. v. Aramtel Ltd.*, 56 A.3d 631, 660 (Md. Ct. Spec. App. 2012) (quoting *First Union Nat'l Bank v. Steele Software Sys. Corp.*, 838 A.2d 404 (Md. Ct. Spec. App. 2003)) (alterations in *Dynacorp*).

The Joneses allege that CMI intentionally misrepresented that it had the right to exercise the "power of sale provision" in the mortgage, when in fact, CMI did not (and knew that it did not) because "the original lender allegedly sold the mortgage loan to TRUST 2007-54 Trust."  ECF 1, at 9–10 ¶¶ 25–29.  That misrepresentation then harmed the Joneses, they say, because it led to the foreclosure.  ECF 1, at 9 ¶¶ 26–28.

However, the statute of limitations for fraudulent inducement, like fraudulent concealment, is three years.  Md. Code Ann., Cts. & Jud. Proc. § 5-101; *see also Queens Manor Gardens, LLC v. Park Charles Office Assocs.*, No. 0644, 2023 WL 1858469, at *6–9 (App. Ct. Md. Feb. 9, 2023) (affirming dismissal of fraudulent inducement claim as beyond the three-year statute of limitations).  The Joneses do not identify when CMI engaged in the conduct they assert constituted fraudulent inducement, but the most recent action they attribute to CMI is its unspecified

involvement in the "scheme" that led NSM to file to foreclose on the property in 2014.  ECF 1, at 4.  Because that took place about eight years before the Joneses filed suit, it is outside the three-year statute of limitations for fraudulent inducement.  For that reason, the Joneses' claim is dismissed with prejudice.

### 4.  Intentional infliction of emotional distress

Fourth, the Joneses bring a claim for intentional infliction of emotional distress.  ECF 1, 10–12.  To state a claim, a plaintiff must plead that the defendant engaged in conduct that was both "intentional or reckless" and "extreme and outrageous," "a causal connection between the wrongful conduct and the emotional distress," and "severe" emotional distress.  *Lasater v. Guttman*, 5 A.3d 79, 89 (Md. Ct. Spec. App. 2010).

The Joneses allege that CMI's intentional fraud and the resulting foreclosure proceedings condemned them to "liv[e] under the constant emotional nightmare of losing the Property," inducing insomnia, appetite loss, anxiety, and depression.  ECF 1, at 11 ¶¶ 39–41.

But the statute of limitations for intentional infliction of emotional distress is three years.  Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Abbott v. Forest Hill State Bank*, 483 A.2d 387, 390 n.3 (Md. Ct. Spec. App. 1984).  As the Court has discussed, the Joneses do not allege any specific misdeeds by CMI after 2014.  Because the Joneses have not asserted that CMI took the actions that caused their distress within the three years before they filed this suit, their claim is barred by the statute of limitations.  It is dismissed with prejudice.

### 5.  Quiet title

The Joneses' final state law claim is to quiet title.  An action to quiet title aims to enable the holder of legal title to possess the property undisturbed by legal challenges to their rights to it.  Under Maryland law, the claim has two elements: possession and legal title.  *See Porter v. Schaffer*,

728 A.2d 755, 766 (Md. Ct. Spec. App. 1999); Md. Code Ann., Real Prop. § 14-108.  "In pressing

such a claim, the plaintiff has the burden of establishing both possession and legal title."  *Porter*,

728 A.2d at 766 (citing *Stewart v. May*, 73 A. 460, 464 (Md. 1909)).

The Joneses allege that they acquired legal title to the property on or about April 9, 2007,

when they purchased the property by obtaining the mortgage that is the subject of this dispute.

ECF 1, at 12 ¶ 43.  However, the Joneses do not allege that they are in possession of the property.

In fact, they deny it: They allege that they are "homeless as of this motion."  ECF 1, at 4 ¶ 1.  Even

if the Joneses have sufficiently alleged legal title to the property, their claim fails because they

have not alleged possession.  The Court dismisses it with prejudice.

## 6.  RESPA

The Joneses' first federal law claim is that CMI violated RESPA.  ECF 1, at 13–14.

Congress enacted RESPA to guarantee consumers timely and accurate information about the real

estate settlement process and to protect consumers "from unnecessarily high settlement charges

caused by certain abusive practices."  12 U.S.C. § 2601(a).  *See also Harrell v. Freedom Mortg.

Corp.*, 976 F.3d 434, 437 (4th Cir. 2020).  The Joneses do not specify what provision of RESPA

they allege CMI violated.  However, because they allege that CMI's conduct conflicted with a

HUD policy statement concerning the meaning of § 2607, ECF 1, at 13–14; *see* Real Estate

Settlement Procedures Act Statement of Policy 2001-1: Clarification of Statement of Policy 1999-

1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Unearned Fees

Under Section 8(b), 66 Fed. Reg 53052, 53054 (Oct. 18, 2001), and subsequently describe § 2607

in their opposition, ECF 11, at 6, it appears that they are asserting a claim under § 2607.  Section

2607 prohibits kickbacks and fee agreements "for referrals of business to settlement services

providers."  *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 254 (4th Cir. 2020).

However, RESPA specifies that the statute of limitations for an individual's claim under § 2607 is one year "from the date of the occurrence of the violation."  12 U.S.C. § 2614.  *See also Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 545 (4th Cir. 2019) (examining "RESPA's one-year statute of limitations for claims under Section 2607").  The complaint does not specifically allege what CMI did in violation of the statute, but according to the complaint, the most recent action CMI took in relation to the plaintiffs' mortgage was "collaborat[ing] [in] a successful scheme to foreclose on Plaintiff's mortgage."  ECF 1, at 4.  As discussed, the Joneses allege that the "scheme" took place in 2014.  *Id.* at 3.  That poses a problem: Even if the plaintiffs allege that CMI violated RESPA in connection with that foreclosure—the most recent CMI conduct—CMI's violation took place about eight years before the Joneses filed suit.  As a result, the Joneses' RESPA claim is barred by the one-year statute of limitations.

Even if the Joneses' RESPA claim is construed as a claim under either of the other two provisions with private rights of action, § 2605 or § 2608, it is still time-barred.  *See Harrell*, 976 F.3d at 437.  Section 2605 requires federal mortgage lenders to disclose information about mortgage servicing to borrowers and imposes certain duties on servicers.  *See id.* at 439–40; *Morgan v. Caliber Home Loans, Inc.*, 26 F.4th 643, 648 (4th Cir. 2022).  Section 2608 "prohibits requiring the purchaser of real estate to buy title insurance from a particular title company."  *Hopkins v. Horizon Mgmt. Servs., Inc.*, 302 Fed. App'x 137, 138 (4th Cir. 2008).  The statute of limitations for § 2605 claims is three years and the statute of limitations for § 2608 claims is one year.  12 U.S.C. § 2614.  The plaintiffs allude to § 2605 in their opposition brief, ECF 11, at 6, but they do not seem to make any claims under § 2608.  In any event, because the plaintiffs do not allege that CMI has taken any action in connection with their mortgage since 2014, their RESPA claims are also time-barred if they arise under § 2605 or § 2608.

The Joneses' RESPA claim is barred by the statute of limitations, so it is dismissed with prejudice.

### 7.  Bankruptcy Code

The Joneses' second federal law claim is that CMI violated Section 523(a)(2)(A) of the U.S. Bankruptcy Code.  ECF 1, at 14–15.  Section 523(a) bars the discharge of certain forms of debt in bankruptcy.  *See In re Cleary Packaging, LLC*, 36 F.4th 509, 513 (4th Cir. 2022).  The provision the plaintiffs cite, § 523(a)(2)(A), specifically bars the discharge of debt "(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A).

However, § 523 governs only which debt a bankruptcy court may discharge.  *See Kiviti v. Bhatt*, ---F.4th---, 2023 WL 5963612, at *2 (4th Cir. 2023).  Nowhere does § 523 provide a private right of action.  *James v. McCoy*, 56 F. Supp. 2d 919, 935 (S.D. Ohio 1998) (holding the provisions of Section 523 "do not create a private right of action, but merely set forth the criteria that a bankruptcy court must follow in determining dischargeability of debts"); *Fin. Indus. Ass'n v. SEC*, Case No: 6:10-cv-408-Orl-36KRS, 2013 WL 11327681, at *4 (M.D. Fl. Oct. 4, 2013) ("Section 523 is properly invoked only in bankruptcy proceedings and does not provide for a private right of action.").  For that reason, the Joneses may not invoke the provision as a basis for a civil action against CMI.  Their claim is dismissed with prejudice.

**IV.     Conclusion**

CitiMortgage's motion to dismiss, ECF 8, is granted, and the Joneses' claims are dismissed with prejudice.  The Joneses' motion for reconsideration, ECF 22, is denied.  A separate order follows.


Date:   September 29, 2023                                      _____

                                                                Deborah L. Boardman
                                                                United States District Judge