IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STANLEY JONES, *et al.*,          *

    Plaintiffs,                *

v.                                *        Civ. No. DLB-23-1316

NATIONSTAR MORTGAGE LLC,          *

    Defendant.                 *

**MEMORANDUM OPINION**

Stanley Jones and Debra A. Jones claim that Nationstar Mortgage LLC ("NSM") owes them damages for violating federal and state law in connection with a mortgage on their home. ECF 1. Before the Court is NSM's motion to dismiss for failure to state a claim. ECF 12. The matter is fully briefed. ECF 12-1, 14, 16, 19. No hearing is necessary. *See* Loc. R. 105.6. For the reasons below, the Court grants NSM's motion.

**I.    Background**

The Joneses, who are self-represented, appear to allege the following facts. Sometime before April 2007, they took out a mortgage loan on their home in Waldorf, Maryland. ECF 1, at 2. Sometime between that month and April 30, 2008, their loan was fully paid off—apparently by PHH Mortgage ("PHH"). *Id.* PHH, they allege, even "sent payoff documents including[:] congratulation letter, receipt of payment, certificate of satisfaction and promissory note." *Id.* At the time, the plaintiffs were unaware that this meant that they had become the full owners of the property, unencumbered by debts against it. *Id.*

They allege that on May 17, 2010, CitiMortgage, Inc. ("CMI") asserted that it had become the mortgage creditor on April 13, 2007 and refinanced that mortgage through the Home Affordable Modification Program. *Id.* at 3. The refinancing added $27,000 to their principal

balance. *Id.* at 4. Later that year, CMI transferred the mortgage to NSM. *Id.* at 3. From November 2010 to February 2013, NSM collected mortgage payments from the Joneses. *Id.* After the Joneses filed Qualified Written Requests for information from NSM pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA") and NSM failed to respond to the Joneses' satisfaction, the Joneses ceased making payments on the mortgage. *Id.* On June 21, 2014, NSM filed to foreclose on the Joneses' home, *id.*, with CMI "play[ing] a key role" in the ultimately "successful scheme to foreclose on Plaintiff[s]'s mortgage," *id.* at 4.

In the years since, the Joneses have brought several lawsuits against NSM. ECF 12-1, at 3–5. Of particular relevance here, in a 2020 suit they filed in the Circuit Court for Charles County, Maryland against NSM and several other financial institutions, they claimed unlawful foreclosure, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, and violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and RESPA—all in relation to the mortgage and foreclosure at issue in this case. ECF 12-16, at 2–3, 5. The circuit court dismissed the Joneses' complaint with prejudice on the grounds that the Joneses failed to state a claim upon which relief could be granted, their claims were barred by the applicable statutes of limitations, and their claims were barred by res judicata. *See* ECF 12-17, 12-18; *Jones v. PHH Mortg. Corp.*, No. C-08-C-20-000099 (Cir. Ct. Charles Cnty., Md. June 23, 2020), *aff'd*, No. 516, Sept. Term, 2020, 2021 WL 6068586 (Md. Ct. Spec. App. Dec. 22, 2021) ("Charles County Action"). The Maryland Court of Special Appeals affirmed. *Jones*, 2021 WL 6068586, at *2. At least as of September 13, 2022, the Joneses were homeless. ECF 1, at 4.

On September 13, 2022, the Joneses filed a complaint in the United States District Court for the District of Columbia, seeking $15,500,000 in damages and declaratory and injunctive relief against NSM and CMI. ECF 1; ECF 1-2, at 2. The plaintiffs mention many provisions of statutory

2

and common law, both federal and state, but when they enumerate their claims, they list seven counts. ECF 1, at 6–15. The Court follows their lead and interprets the complaint to advance five claims under Maryland law (unlawful foreclosure, fraudulent concealment, fraud in the inducement, intentional infliction of emotional distress, and quiet title), one claim under RESPA, and one claim under the bankruptcy code, 11 U.S.C. § 523(a)(2)(A).

On October 11, 2022, CMI moved to transfer the case for improper venue to the United States District Court for the District of Maryland. ECF 7. That same day, CMI moved to dismiss the Joneses' complaint for failure to state a claim upon which relief can be granted. ECF 8. And on October 19, NSM filed a motion to dismiss of its own. ECF 12. The D.C. court granted the motion to transfer. ECF 24. Accordingly, on May 18, 2023, the case was transferred to this Court. ECF 25. On September 29, this Court granted CMI's motion to dismiss. ECF 35. Now, NSM's motion to dismiss is pending before this Court. The Joneses oppose the motion. ECF 16. NSM filed a reply. ECF 19.

**II.     Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to include in their complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of that statement. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); Fed. R. Civ. P. 12(b)(6). A court will deny a Rule 12(b)(6) motion if, but only if, the complaint contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on the motion, a court accepts the well-pleaded allegations as true, *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021), but "does not resolve contests surrounding facts, the merits of a claim, or the

3

applicability of defenses," *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  A complaint that merely recites the elements of the cause of action or couches legal conclusions as facts cannot overcome a Rule 12(b)(6) motion.  *See Twombly*, 550 U.S. at 555; *Turner*, 930 F.3d at 644.  In resolving a Rule 12(b)(6) motion, a court may consider "documents that are explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits."  *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 10(c).

Generally, a movant may raise an affirmative defense under Rule 12(b)(6) "only if [the defense] clearly appears on the face of the complaint." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).  However, "when entertaining a motion to dismiss on the grounds of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."  *Id.*

The Court has a duty to construe the complaint of a *pro se* litigant liberally.  *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  But that duty neither obligates nor permits the Court to fill in factual or legal gaps in the complaint.  *See Jarvis v. Geico Ins. Co.*, No. RWT-09-2638, 2009 WL 3833964, at *1 (D. Md. Nov. 13, 2009) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990)).

### III.  Discussion

Under the doctrine of res judicata, the Joneses' claims are barred by the preclusive effects of the state court judgment dismissing their claims with prejudice in the Charles County Action.  Res judicata, also known as claim preclusion, "bars a party from relitigating a claim that was decided or could have been decided in an original suit."  *Laurel Sand & Gravel, Inc. v. Wilson*,

519 F.3d 156, 161 (4th Cir. 2008). The doctrine "avoids the expense and vexation attending multiple lawsuits, conserves the judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent judgments." *Davis v. Wicomico Cnty. Bureau*, 135 A.3d 419, 422 (Md. 2016) (citations and internal quotation marks omitted).

When res judicata is based on a state court judgment, the preclusive effect of the judgment in the prior case is governed by the law of the state. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). In Maryland, res judicata applies when three elements are met:

 (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation;

 (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and

 (3) there was a final judgment on the merits in the prior litigation.

*Spangler v. McQuitty*, 141 A.3d 156, 175 (Md. 2016) (quoting *Cochran v. Griffith Energy Servs., Inc.*, 43 A.3d 999, 1002 (Md. 2012)).

All three elements of res judicata are satisfied here. First, the Joneses and NSM were parties to the Charles County Action. The Joneses contend that because the Charles County Action did not name both NSM and CMI as defendants, the parties here differ from the parties to the prior litigation. ECF 16, at 10. But that is not what matters. What matters is that every party remaining in this case participated in, and so is bound by, the prior adjudication. *See FWB Bank v. Richman*, 731 A.2d 916, 929–30 (Md. 1999) (citations omitted). Because every party to this case was a party to the Charles County Action, the same parties element of the res judicata analysis is satisfied.

Second, the claims presented in the current action consist entirely of claims the Joneses already brought or could have brought in the Charles County Action. The question is "whether the claim presented in the new litigation arises out of the same transaction or series of transactions

as the claim resolved by the prior judgment." *Laurel Sand*, 519 F.3d at 162 (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)) (applying Maryland law). Under the transaction approach, the prior judgment "is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit." *Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 725 (Md. 2017) (quoting *Powell v. Breslin*, 59 A.3d 531, 537–38 (Md. 2013)).

The Joneses assert claims for unlawful foreclosure, fraudulent concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, and violations of RESPA and the Bankruptcy Code. These claims stem from the same mortgage and foreclosure on the real property they owned at 2322 Springdale Lane, Waldorf, MD 20603, that was at issue in the Charles County Action. *See* ECF 1, at 2; ECF 12-16, ¶¶ 1–55. In fact, several of their claims—unlawful foreclosure, fraudulent concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, and the RESPA violations—are not materially different from the claims they brought in the Charles County Action. *Compare* ECF 12-16, at 16–31, *with* ECF 1, at 6–14. Because all the claims in this case arise out of the same transaction at issue in the Charles County Action, they are claims that were brought or could have been brought in that action.

The Joneses argue that they did not bring, or could not have brought, these claims in the state court action because the claims are predicated on evidence they have discovered since the state court issued its final judgment. ECF 16, at 1–2. However, Maryland courts have long held that the subsequent discovery of new evidence does not undermine res judicata:

> [T]he court cannot permit litigation of the same subject by the same parties twice. Once the [party] in this case had litigated the question of the validity of the claims, and the court had . . . adjudicated that they were valid, their validity became, as to him, a settled fact. No offer of additional evidence, or evidence of newly discovered facts . . . could serve to secure him a second adjudication . . . The principle of res judicata "extends not only to the questions of fact and of law, which

6

>were decided in the former suit, but also to the grounds of recovery or defence which might have been, but were not, presented.

*Shirk v. Sneeringer*, 162 A. 520, 520 (Md. 1932) (citations omitted). Even if the Joneses now know some material fact that they did not know then, that does not defeat the res judicata effect of the Charles County Action when, as here, their claims were brought or could have been brought in that action.

Third, there has been a final judgment on the merits. The Circuit Court for Charles County dismissed the Joneses' claims with prejudice on two alternative merits grounds: They failed to state a claim upon which relief could be granted, and the claims were barred by the governing statutes of limitations. ECF 12-17, at 2; *Jones*, 2021 WL 6068586, at *1. That judgment is a final judgment on the merits. *See Anne Arundel Cnty. Bd. of Educ. v. Norville*, 887 A.2d 1029, 1040 (Md. 2005) (dismissal with prejudice for failure to state a claim is a final judgment on the merits); *N. Am. Specialty Ins. v. Boston Med. Grp.*, 906 A.2d 1042, 1052 (Md. Ct. Spec. App. 2006) (dismissal with prejudice on statute of limitations grounds is a final judgment on the merits).

With all three elements satisfied, the Joneses claims are barred by the doctrine of res judicata.

### IV.   Conclusion

Nationstar Mortgage LLC's motion to dismiss, ECF 12, is granted, and the Joneses' claims are dismissed with prejudice. The Clerk shall close this case. A separate order follows.

Date: December 4, 2023

Deborah L. Boardman
United States District Judge